here. The second district is now over. Pursuant to adjournment, the Honorable Season's Day. Please be seated. First case of the morning call to 13 to 9 0. On behalf of area on behalf of the Oh, morning. Morning. May it please the court. Again, my name is Eric Reinhardt and I represent the appellant. Do you spend? This case presents a unique situation in which Mr Spetnagel has both been civilly committed under the sexually dangerous persons act and criminally punished at the same time. It is incredibly unique. Your honors. The Supreme Court in Allen said that the purpose of the sexually dangerous person statute is to prevent mentally ill persons from being held criminally responsible for crimes committed while mentally ill. I have to emphasize the word prevent. The point of the sexually dangerous persons statute is to treat individuals who are sex crimes while also protecting the public. Well, certainly that's a fair reading of it. What about the Burkhardt case? Does that control here? Burkhardt dealt with a section three problem. The holding of Burkhardt was that that procedure did not violate the statute or Mr Burkhardt's rights because at the time that the petition was filed, section three was actually followed, which is that there were open and pending charges. Mr Burkhardt Mr Burkhardt argued that the procedure had not been followed, but I think it was because at the time that the commitment order was filed, the charges had all been resolved. So Burkhardt is specifically limited to a section three problem. The charges have been resolved. Was he convicted of any of the charges? Mr Burkhardt? Yes, he was convicted of one count and filed him out. And then he was civilly committed. Yes, sir. It wasn't that he was guilty. There was a negotiated disposition, and part of the disposition was the whatever commitment period of time was to run concurrent. Exactly. That's what happened. That's what happened. Does it really matter that those cases, the rest of the counts weren't dismissed? Well, that was Mr Burkhardt's argument. Mr Burkhardt's argument was that section three had not been followed, and Burkhardt, the holding in Burkhardt was that section three had been followed. Does that really matter? In Mr Burkhardt's case, um well, it doesn't matter. No, it doesn't. No, it doesn't matter. It should be decided on the happenstance that, um, you know, the state didn't step up and nolly them first before they handed up the petition. Absolutely. Absolutely. When it's on the record, this is our agreement. The totality of the agreement. No, absolutely. I want to be clear that that doesn't matter. We believe the sexually dangerous person statute on the cases that have interpreted require the state to make a choice. They can either proceed in criminal punishment or they can proceed with civil commitment. You can't have both. You can't have both. So you're saying Burkhardt was wrongly decided? Not regarding section three. No, it was not wrongly decided with respect to the specific issue that was confronting. The result is a problem, though, in light of Galba and in light of the future cases they have addressed the sexually dangerous person statute. Burkhardt Burkhardt appears to be wrong for several reasons. First of all, Galba Galba was interpreting Burkhardt, but Galba pretty much with its rationale seemed to have done away with Burkhardt. And one of Galba's problems with the commitment of Mr Galba was that it would read section nine as surplus age as having no meaning whatsoever. But, of course, that's true in Mr Burkhardt's case, too. When one case when one case was he was convicted of the other charges were now read. What does that mean for section nine? The last sentence of section nine says all charges which led to essentially the commitment shall be quashed. What does that mean in Mr Burkhardt's case? It would be running away with surplus age because what's supposed to happen is if there is a criminal case, whether it's a retail theft or rape, the state is to make a decision about whether they want to proceed with civil commitment, treatment, etcetera, while also protecting the public or whether they want to go down the road of criminal prosecution. That didn't happen. That didn't happen in Mr Burkhardt's case. So very respectfully, Justice, we feel that the result of Burkhardt is wrong, though the reasoning seems to be mostly talking about section three. Burkhardt doesn't seem to make sense in light of other portions of the statute. Obviously, we believe that Golda is correct. In Mr Golda's case, they said that you could not proceed simultaneously along these tracks. Golda talks about the sort of, uh, the theoretical purposes of the statute that we see addressed in Allen and Burns and Spurlock and Dinwiddie. And that theoretical purpose is more than theory. It's the Supreme Court. As recently as as recently as 2004 in Burns said that the Sexually Dangerous Person Act provides an alternative to criminal prosecution. Respectfully, I'm not pulling this language from 1955. This is from 2004. Uh, and Burns cast it as the SDP is an alternative to criminal prosecution, while the Sexually Violent Persons Act is in addition to it. And it's important to remember that in Mr Spenninger's case, the Sexually Violent Persons Act hadn't been written yet. It was 1991. Essentially, they were a sexually violent person's case into into 1991, which obviously didn't occur. Uh, the Sexually Violent Persons Act correctly, you know, focuses on the criminal conduct. And then if the person is dangerous or violent at the time, they can then proceed in addition and focus on treatment and protecting the public. But that's not what the Sexually Dangerous Persons Act is. How did this plea ever happen when it would have been difficult for Mr Spenninger to meet the conditions that being that for not less than a year prior, he had a mental disorder that prevented him from doing something that was volitional. But yet, six months into that, he's charged with criminal offenses. Well, I think that I think that I think that's a very good question. The volitional the volitional control is is obviously been developed through that language has been developed through the through the statute and also obviously the United States Supreme Court looking at it. But the volitional control it, um, the doctors Roth and Landmeier found that Mr Spenninger lacked in 1991 did not appear to rise to the level of insanity. The evaluations that are part of the appellate record don't include anything like the McNaughton rule or anything like that, that Mr Spenninger wasn't was at that point that he wasn't able to to control his behavior. It is an excellent question, and it does present one of the challenges for the state to talk about criminal punishment and treatment of those lacking volitional control. In this case, when the state perceived chose to move down the sexually dangerous person's, uh, avenue that that would be fine to treat Mr Spenninger. But they had already made the decision to criminally punish him for 55 years. And once they did that, the civil commitment or would be is completely void. And that's what that's what the cases teach us. Every every case except Burkhardt, uh, Justice Hudson to get your question. Every case except Burkhardt talks about the Sexually Dangerous Persons Act being alternative to criminal prosecution. Galba talks about it and then sort of walks the walk, right? Galba actually vacates the civil commitment order. Um, and now Galba tries to distinguish itself from Burkhardt by talking about counts. I can talk more about that, but that doesn't seem to be adopted in any of the other cases. Ah, a case called a case called Love it on a case called Hancock. Both established that you don't even have to have a sexual offense or sexual conviction to be civilly committed under the SDP Act. So it's very odd that we would look at counts and surgical pleading to get around the purpose of the Sexually Dangerous Persons Act, which is to provide treatment and to and to protect the public. What do you make about the state's argument that irrespective of the statutory interpretation, the language of its ambiguous that the defendant in this case participated willingly, invited the proceedings. How does he come back now and complain that he did something volitionally? He decided voluntarily to plead. They're arguing for strategic reasons. So why does he come back now and set that aside? First of all, we don't believe that Mr Spaniel cannot. We don't think that the invited error analysis can apply to avoid order in people versus white, which was a decision of the Supreme Court. I thought they had some excellent language, which I'll attempt to paraphrase. The prosecution, the side to violate the jurisdiction in the court. Is that in essence what you're saying? What's that? You can't confirm. Yeah, the motivation of the parties, the motivation of the parties doesn't breathe life into avoid order. And I factually it's important to remember, and this is something that something that I is critical, and I should have emphasized maybe more in the brief. Mr Spaniel didn't plead to being sexually dangerous. Sometimes we see that in other context. Sexually violent persons may enter a stipulation, but Mr Spaniel didn't sign the documents sort of final negotiated plea that sort of resolved the legal conclusions that said I am sexually dangerous. He simply stipulated to the reports of Roth and Lehmeyer, which set forth what they what they set forth. We see those sorts of stipulations all the time, whether it's fitness, whether it's whatever it may be. So all he did was stipulate to the fact to the accuracy of the reports. Finally, he didn't say, Hey, I'm gonna file this petition and then 20 some years later attack it. The state filed a petition. The state said we want to we want to proceed in this way. I think the thrust of your question is, was Mr Was Mr Spaniel engaged in some strategic behavior back then and is now trying to benefit from it now. Respectfully, the record is devoid of the record is not clear on that issue. There's I shouldn't say it's not clear. There's nothing in the record that says that this was a strategy decision. There's nothing. There was a 402 conference wasn't there to this. There was a fortune conference. The trial court mentioned that in his ruling. Of course, rule 402 is to determine whether or not a criminal plea is acceptable. 402 may or may not apply to the sexually dangerous Persons Act. And so at that time, it was for the court to state whether or not they criminal resolution to 55 years. But clearly the record also doesn't doesn't say that there was some tacit agreement about the sexually dangerous person petition. I don't believe so. I think that he agreed to the he agreed to the evaluations. Um, he agreed to the evaluations and the court entered the order. I think that day that the order is actually signed January 8th and I'm relying upon the timing of the timing of the orders. But I do think one factually won't occur before the other, which was the criminal conviction. What's the remedy that you're asking for to vacate the civil commitment order as well? Not that we obviously we're not making any attack on the criminal convictions or that's not. That's not a sentence. No, he would be out in about 2018. So 55 years at 50%. I do think if I could talk a little more about the strategic point, I do think it is. It is dangerous to speculate and too far in terms of what would have happened in terms of what his minimums were, what his maximums were. The record is not clear on that, or there is nothing in the record. I really want to be clear. There's nothing in the record that says that he would have gotten a higher sentence. We shouldn't presume that he would have necessarily lost his trial. The only presumption we can make is that he's presumed innocent of those charges. And so we there's nothing in the record that says that he really got a benefit by doing this. He got a 55 year sentence, which is significant. And there was also this other thing, this civil commitment order, which which we believe is void. So what's really going on is that in 2018 your client is released. If he if the commitment order stands, he remains in custody until there is a finding that he should no longer be committed. In the equity of things, shouldn't the state be able to come back and readdress the issue? They should. They would be able to file a sexually violent person's petition. I would concede that the sexually violent person statute is now the remedy. Remedy is the wrong word is now the vehicle, right? The state has taken a position that he should be criminally prosecuted. He was criminally prosecuted. He received a 55 year sentence. They also then did this. They added on this civil commitment order, but there would be nothing stopping the state, as in any S. V. P. Case from analyzing Mr Spector angles dangerousness right now, or I should say in 20 2018, whatever the statutory timelines are. So from equity perspective, the state can assess his his dangerousness and look at whether or not the public needs to be protected in approximately 2018 2017. So we would have no there's nothing in these proceedings would nothing in opposition here would prevent that. I suspect there's no case that you have found. I haven't found it, so I guess maybe you have, but I haven't found one that that someone tried to actually use the language of Section nine after someone was found cured or restored to mental health and then asked that the criminal sentence somehow be heard. Correct. If everything, if the indictments and the underlying were to be quashed, does that include the convictions? I definitely didn't find any case about that, but I think you're raising an excellent question because I think that that last language of section section nine shows why the trial court's approach here was wrong and doesn't make any sense. If Mr Burkhardt and Mr Spetnagle both pled guilty to counts and then 20 years later, we talk about talk about vacating them. It's very clear that what the plain language of the statute is straightforward. Under section three, there must be some criminal case pending when the petition is filed. Burkhardt Burkhardt agrees with that, obviously, and love it. And Hancock teach us that it doesn't need to be a criminal case again. Could be a retail theft. Thank you. The plain language of the statute is straightforward that the charges remain pending while the commitment goes on. And once the discharge through discharge only, then the open cases, whether they be sexual or not, are then quashed, vacated, malleable, however you want to phrase it. That is the procedure that needs to be followed. Thank you. Have one procedural question. Yes. Near the end of the hearing on, I guess the 2 14 or one petition or something of that nature, there was a reference to the Okay. Did that ever happen? I don't believe it. I don't believe it did. I think that was I think that was an attempt by trial counsel and maybe the trial court to see clarity on this on this somewhat unique issue before they proceeded in other proceedings in the commitment, the commitment for Mr Spatman. But the proceedings are continuing in the trial court. His respect keeps filing application for recovery. Um, and how that would work with his criminal sentence is not so it might still be out there. But this was final. Yes. Yes. Thank you very much. I was hearing bells. I guess it's over there. I don't know. I'm hoping it's that. Otherwise, I wonder about my sanity. Yeah. Good afternoon, Your Honors. I'm dying. Camel representing the state this morning. Um, for Justice Hutchinson's question, I did not find anything in the record that indicated that they had actually certified the question. I didn't know that. But apparently that did not happen. So do we have any problems hearing this when that might still be out there pending? I don't believe that anything was done in that aspect. So why it was discussed on the record. There's no indication that there was anything that there was any follow through on that. So I don't believe this court is in any way restricted in hearing this appeal. It's just a straight appeal at this point. Okay. Allegedly, they're all under the same 90 number because that's what the statute calls for. 90 C. F. M. R. Whatever they called it. So we don't have any claim. I mean, his petition is pending for restoration or for I'm not sure what proper discharge discharge. Um, and so the fact that that's still out there should not affect our jurisdiction in this case. No, it should not. Okay. Uh, first of all, I would like to disagree with my opposing counsel. And this addresses part of Justice Jorgensen's question. Um, and refer them to everyone to, uh, the supplemental separate appendix by my opposing counsel. And that gives us a transcript of the hearing and in particular on pages 2 52 to 2 54. The trial judge is talking about the forum to conference and that it is an agreed procedure that they're going to have the and that it was initiated by Mr Spetsnagel's attorneys. That's on page 2 52. Um, that they're going to have the guilty plea to the two charges. And then there will be a sexually dangerous persons petition and hearing on a third victim. Um, in this case, there were four separate incidents that the defendant was indicted for. He pled guilty to two of those incidents with based on the incident with Pamela Selders. So I think that's the important differentiation here in Galba. The court reversed there because in the same proceeding, the defendant had a criminal conviction and then there was the dangerous sexually dangerous person petition on that same charge. You can nuance these little differences. But isn't the bottom line here that the let let me qualify that in a particular charge. Say if we were just proceeding, we only have the charge involving this king. That was the only charge against this defendant. We would have to choose either a criminal prosecution or the sexually dangerous person act. But when you've got multiple incidents and this is what Burkhardt holds, um, then, uh, you cannot proceed in the same incident to have both remedies. You have to choose either criminal prosecution or the civil action. Okay, so we have multiple victims here. You can have him plead guilty to some and they're closed and finished and over with. And then you pick another case and just file the petition. But don't sentence him and don't ask him to plead guilty. That's what you're saying. I think an important part of this is my invited air argument. Answer the question first. Yes. So that's your point. Yes. I think in particular, in this case, that is the procedure that was sought and pursued and initiated by the defendant. Um, in that case, it's unfair to the state and the prosecution to then come and say, you know, Oh, I got exactly what I asked for. That's wrong. And I, it might seem inherently unfair. Here's the problem that I'm having with that argument. How do you respond to the argument that the court to take an act that is beyond statutory authority? How do you, how can the parties allow the court to take an action that is not authorized by the statute? I don't believe it's unauthorized. What is not authorized by the statute is to have on a single charge both the criminal conviction and the civil commitment. Would you agree that the language in the cases talk about the petition and the criminal prosecution as alternatives or the petition is found in lieu of the criminal prosecution? We do see that language, correct? Correct. For an offense. What legal or logical sense would it make them to have that statutory provision that says clearly the indictments are caused contemplates the criminal charges are dismissed. What would be the point of doing that? If what the court did here you can do either or depending on different charges will be the point of dismissing everything will be the meaning of that section. Okay. Um actually let me refer you to the trial judges. Um some of his reasoning in um dismissing the petition and that's again at page 2 52 and 2 54 of the transcript and he talks that um it was initiated by the defendant's attorney and it gives him a to it as a much less dire sentence. In this case as I said there were four victims. Um we generally talk about three different victims and incidents. I don't really know what happened to the fourth but in this case he got the criminal conviction and pled guilty to the two offenses and got extended term sentences for a total of 55 years. Uh presumably had we not set this process in place and agreed to what he wanted um he would have had to either plead guilty to the third or fourth offense and or go to trial on them and would then be facing yet another consecutive sentence so that he would not be looking at a 55 year sentence. I'm not sure that you're answering the question if you're attempting to but what is the purpose? How do you quash and dismiss charges that the defendant has already pled guilty to? What would be the point of that language? You don't um in this case we're not questioning dismissing the two that he pled guilty. Um in this case what you will do then is if he is discharged the charges against Pamela selders will be quashed and you're saying it only depends on the ones that are remaining. That's your interpretation as opposed to those are disposed of the the charges that are disposed of when the petition is fulfilled. Let's use that phrase are the ones that it's based on. In this case, the petition was based on Pamela selders. That doesn't as he said, that doesn't affect the police. And so for the sake of argument that that we accept your you're parsing out these two victims, we plead guilty, he gets a sentence. This victim over here, we're going to file a petition. What about the inconsistency in the mental state for the petition? We must find that he is without capability and for the cases that he pled guilty, he did have a present mental state sufficient to warrant a voluntary plea of guilty. How do you get around the inconsistency? I think in this case it is the invited ear that allows us to visit the defendant's mental state or he doesn't. I mean, is it a voluntary plea if he doesn't have the mental state? Mhm. I think that what you have to look at is that, um, again, this is, I don't see it as mutually exclusive for pleading to the situation. Um, in this case, there were, there were investigations for a, um, uh, legal insanity defense and that was not pursued by the defendant. Um, I believe there was a fitness for trial examination and that was, um, he was found fit for trial. So if he is fit for trial, I believe that he can then be both civilly and criminally pursued on separate charges. And you know, if he can and his attorney can request and ask that, then I think that shows that you can come up with those dual concepts. There's a problem that I'm struggling with. You seem to be saying that invited here the actions, albeit strategic actions of the defendant, his counsel trump the legislative purpose, the legislative reasoning for the statute. It seems to be what you're saying. That's it. He's made a decision. Doesn't matter what the statutory language says. Doesn't matter what the intent of the legislation was. He loses. I have to disagree with that. I think that in this unique circumstance here where it is the policy pursued and invited, uh, sought after by the defendant, it does not defeat the legislative purpose. The of the sexually dangerous person act is to both get the defendant treatment and to protect the public. In this case, I think that is fulfilled. Here we have a defendant who on two charges has 55 year sentence. We're saying protect the public and get him treatment. You can do that by just committing with under the act. You don't need to have a guilty to do both. Um, in this case, um, I don't if you say rightly, he's being committed and treated. You're both helping the defendant and you're protecting the public, correct? Yes. But in this case, um, as I said, the dual purposes were solved because the defendant has a 55 year sentence instead of an 80 or 105, depending on whether he gets convicted or pleads guilty to three, the third and fourth charges. So the defendant has a short 55 year sentence, but he's getting treatment so that when he is released, hopefully he will have overcome his issues and he will not create further. So the defendant, instead of getting out, uh, you know, after 80 year sentence or after 100 year sentence, he has the chance to get out at 55. Well, I mean, with reduction of sentence, you know, much sooner, but this certainly is serving his purpose. He is serving a sentence which protects the public. He, because of the sexually dangerous person, he's getting treatment so that if, in fact, when he is, uh, no longer sexually dangerous at the end of his criminal sentence on the other charges, he can be released. Is there any legislative history that you're aware of that supports this interpretation? I would say Burkhardt does. Um, Burkhardt. I mean, legislative history. I know. Um, I can't think of any particular, but I think that that's the core holding of Burkhardt. And Galva is referred to a lot in my defendant's or in the opposing counsel's both his main brief and reply brief, particularly the reply brief. And he mentions, I think, in each instance that Galva is very careful not to overrule Burkhardt. And, um, Galva is, Galva can't really overrule. Well, it differentiates or distinguishes, and it doesn't, you know, directly, it doesn't condemn or say that it was wrongly decided. Um, it very carefully distinguishes what happens there. And Galva, it was a case where there was one charge. Defendant both had his criminal conviction and his civil commitment based on that one charge. And that is the big distinction that Burkhardt made is that there are multiple charges, and it's not just the defendant getting slammed by two opposing remedies in one case. And that's what I think is the work of what Mike or Justice Hutchinson or Jorgensen questions. You know, what's the remedy and what happens? You know, if you in fact vacated, does that mean that the state can then go back and pursue criminal charges in relation to Pamela Selders and unknown fourth victim? If you vacate the civil commitment that was based on that. So here's the point of question. What is your specific interpretation of the legislative case law phrase? This is the act is an alternative to criminal prosecution. How is it an alternative if the statute contemplates both? I think that that is the Galva holding. Is that in one charge, you can't have both a criminal conviction and a civil conviction. I know there are concurrent sentences in a lot of different cases, and this is, in fact, a concurrent sentence. So the defendant is charged with committing more than one offense. Your rationale would always apply. I think in this case, I'm afraid about this case. I'm asking you in general that rationale was a player. It's an alternative. You have multiple counts. That alternative means different counts, right? Yes. Okay. I think particularly important in this case, it was the invited air argument, and I think that's very important. It's also important. I'd like to go back and emphasize that in Burkhardt, the court finds that it's not void, and that means that there was no if if it's not avoid sentence, then we don't get here because the defendant filed a 2 14 0 1 petition. The only way you can file that and evade the time deadline of 30 days to two years if it's boy Burkhardt holds, this is not void. So you know, we should not be here. If we hold this void, where does that leave your argument? Um, probably. But I don't think you should do that. I think, you know, particularly where we have been invited here. That was part of the court's ruling in pain, which both justices Jorgensen Hutchinson were on. Let me ask you a point of question to interrupt you. But if the prosecution in this happens in the defense is mistaken over the range of penalties in a given case, and they agree to a sentence that's beyond the range authorized by statute, couldn't you say that's invited error? And would you expect us to hold the sentence beyond the statutory range on your theory that the defendant in the state agreed to this? I don't think this is void. That is where I said invited error is invited. Error trumps avoidance. In this case, my response to invited here is in part based on this court's holding of keen, which says that, um, uh, can, um, it sets out, um, the different factors and the or sorry, invited here is that accused cannot proceed in one manner and later contend on appeal. That course of action was a year and get a reversal. But there's limitations. As I said, I think you would agree that somebody got sentenced way beyond the statutory maximum. You can't use that invited here if they're can. Yeah, it's murder and you know, or whatever is a 30 year and you decide, you know, he's really a bad guy. Let's give him 60. That's outside the statutory authority. But I don't believe that this is outside the statutory authority because of the holding Burkhardt. Let me review the facts here. Defendant in King County is charged with three separate events, three separate days, three separate victims, correct? There's actually four charges. There's four victims and they're four separate charges. They're not related. They're not the same day. They're not, you know, when he steps up and pleads guilty to the two, was there or was there not pursuant to that plea of guilty a an agreement to dismiss the remaining charges? What the agreement was that he would plead guilty to those two. And then there was a agreement to dismiss the charges. But other two charges. Yes. Okay. But under the sexually dangerous person, all you have to do is have the charges pending when the petition. The question is, was there an agreement to dismiss the other charges pursuant to the plea to the first two? That was in conjunction with the holding of the sexually dangerous person petition hearing because it was held the same. So either there was an agreement to dismiss those charges if we then had the hearing on the petition. So it was a total agreement? Yes. And that's clear on the trial judges comments on 2 52 to 2 54 says was initiated by his attorneys essentially to save him from what could have been a much more dire sentence. And then on page 2 53 there were, but that's your position is this was a package deal. Exactly. Yeah. I mean, you have a question. Thank you very much. Mr Rainer. All of this stems all of this stems from attempting to fit a square pain into a round hole. If I can use a tire now for it doesn't matter. It doesn't matter that Mr Spenning approved the wood. Okay, he didn't do the pounding himself. The trial court entered these orders. Mr Spenning didn't file the petition. Mr Spenning only agreed to the reports. The state's the state's approach in this court today would render part portions of Section eight surplus age of the sexually dangerous persons Act Section nine, which we've talked about the last sentence and even portions of Section 10 Section nine and 10 both talk about a review of the civil commitment. That's the reason that these types of civil commitments have been allowed is because there is review and potentially conditional release, which allows the public to be protected under sort of parole conditions that has no meaning in this respect. Let me ask you this. If the state way back when this first came up, they just come in one day and not two of the cases just came in and said, just we decided we're gonna nolly. These waited a week or two. They come back on the first to your client pleads guilty to him. They let a week go by and then they bring their petition. They would not be. They would not be able to do that. Why not? Because they've already they dispose of the criminal cases by not only men. Okay, so because they were pending at one time and now they're dismissed. Let's assume let's assume a different set of facts. There's just assume for the sake of argument. There's the four victims to were charged. Your client comes in, pleads guilty, gets his 55 years. Another victim comes forward and they file a new charge. Now they come in on a petition. They do that. No, they cannot do that. Why not? Because because the purpose of the statute, the language from the Supreme Court says that the state must choose one or the other. There's not a single case. So it's one choice per defendant. Let's carry that out to the extreme. So your client comes in and pleads guilty to an offense. Uh, turn it the other way around. So you're saying if he comes in and they file a petition and we proceed on the petition and he's civilly committed, if 25 other victims come forward states out of box, they could. No, no. In that case, it's the it's the community came first. You're saying the community came first and then, you know, based on statutes of limitations. Yeah, I think that's a really good question that that has not been addressed in any of the cases. Um, it's not that he can't be. It would be very unusual for the state to have a case like this. Okay, we're just gonna file a petition. Well, first of all, they could file the first of all, they would fight. They could. First of all, they could file the charges, bring him into the circuit court, written back and forth from big money, deal with the criminal charges. And if they got their conviction and the civil commitment, or they could have your position is they could do that because they're two different charges. My position is that as he, um, as he, uh, as we go forward in time from him, uh, five years after your hypothetical, he can either be civilly committed or criminally sentenced at some point in time. And I mean, as he walks into this court and challenges this, he is either civilly committed or he is criminally or he is being criminally punished. It is one or the other at some point, whereas so in that situation, in that situation, they would have to make their decision about how they wanted his confinement to go forward. But if they criminally punished him and he got a 60 year sentence, 85% they would have to admit we would then or either they have to terminate the civil. They have to terminate the civil commitment because they're either criminally punishing him or void. But because he can be committed only under one statute. Yes, yes, you didn't have. You wouldn't have the voice problems because at the first point time there would be there would be no problem. It was within the statute. Yeah, I do think that is. I do think that is incredibly unique. It's not what happened. I'm just trying to and if I can get a sort of common sense approach, um, the evaluators in Mr Spetnagel's case looked at all of his charges. You can't defeat the statute. The point of the statute, which is to treat people. And by the way, the point is said, at least, uh, Denwitty and Spurlock talk about preventing the criminal punishment of the mentally ill, not just, Oh, we have these alternatives. We can do either one. But the point of the act is actually to prevent the criminal punishment of the mentally ill. I think that's an ill does not necessarily have to rise to the level of insanity. Exactly. Exactly. Um, but I think that I think that, um, if the evaluator, the evaluators and if I could finish the evaluators in Mr Spetnagel's case, specifically, I believe Roth looked at the other charges, looked at the charges for which he was criminally committed. It would define common sense and psychological best practices. Well, we're only gonna we're gonna surgically look at these charges under the state's approach. An evaluator would evaluator be blinded to that and evaluator couldn't consider that couldn't consider the acts and maybe his admissions or mental impressions that they got if it involved these other acts. But then they would then consider other assaults and for which the charges were still pending. That doesn't That doesn't make any sense. In Mr Spetnagel's case, the evaluator looked at all of the evidence in Mr Burkhardt's case. They looked at all of the evidence. The sexually dangerous person's evaluations are not based on charges or surgical pleading. They're based on what his mental state is at the time that the criminal case comes into the courtroom. Is there any problem? I mean, it's a technical, very technical issue. But according to this scenario, 402 pleads guilty, dismisses the other two charges. Then the petition is brought. What's pending at that time to file the petition in? Well, the the amended petition, there was an initial petition filed while all of the charges were pending. They just didn't have a commitment order. The commitment order was not entered while the charges were pending, which I think is Burkhardt. I think in Burkhardt's case, the commitment order was entered after the charges were pending. I want you very clear. We're not We're not saying that the specific time stamp or the date stamp matters. It's more of the purpose. It's more of the purpose of the act. If I could just make one more point, I think that thank you. I think that, um, with respect to this being a package deal respectfully, that is not in the record. There's nothing in the record that says that this there's a supplemental agreed statement of facts because the transcripts were lost from those critical proceedings. But the trial court wasn't looking at transcripts because the transcripts were lost, and the trial court wasn't looking at our agreed statement of facts because our agreed statement of the trial court's ruling. So there's nothing in the record which says this was a package deal. That's just not in the record. So respectfully, justices, for those reasons, we would ask that the civil commitment order be vacated. I'm sorry. That's not my question. Thank you. Thank you very much. Yes. I want to just talking about the different mental states, the charges on which the petitioner base don't it? He charged with retail couldn't be charged with a speeding charge, though, which has no mental state involved in it. You are or you aren't speaking. And all it says is retail theft and retail theft does require some specific intent. You went in to take that. I mean, I think that's generally the issue. Okay. We appreciate that. All right. Thank you very much. We will take this matter under advisement, and we will render a decision in force. At this point, we stand adjourned. Some of us